IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

TRACIE HARDY,

    Plaintiff,

v.                                                    Case No. 2:20-cv-02059-MSN-cgc

BAPTIST DESOTO HOSPITAL,

    Defendant.

_____

**ORDER ADOPTING REPORT AND RECOMMENDATION**

_____

Before the Court is the Magistrate Judge's Report and Recommendation, (ECF No. 8), entered on January 19, 2021. The Report recommends that Plaintiff's Complaint be dismissed for failing to state a claim for relief. (*Id.* at PageID 30.) To date, Plaintiff has not submitted any objections to the Report's findings. Accordingly, the Court **ADOPTS** the Report and Recommendation in its entirety.

**Background**

Plaintiff commenced this matter on January 24, 2020, by filing her *pro se* Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) In conjunction with the filing of her Complaint, Plaintiff also filed a motion to proceed *in forma pauperis*, which was later granted. (ECF Nos. 2 and 7.) Plaintiff's action arises out of a back injury she sustained while working for Defendant Baptist Desoto Hospital. (*Id.* at PageID 2–3.)

The Magistrate Judge screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2). (*Id.* at PageID 27–29.) In doing so, The Magistrate Judge determined that Plaintiff failed to state a claim for which relief could be granted and recommended this matter be dismissed with

prejudice.  (*Id.* at PageID 30.)  Further, the Magistrate Judge also determined that an appeal in this matter would not be taken in good faith.  (*Id.* at PageID 31.)

The Magistrate Judge issued her Report and Recommendation on January 19, 2021.  (ECF No. 8.)  The Magistrate Judge's Report instructed Plaintiff that she had fourteen (14) days to file her objections.  (*Id.* at PageID 31.)  The Report also warned that failure to timely do so "may constitute a waiver of objections, exceptions, and any further appeal."  (*Id.*)  To date, Plaintiff has not filed any objections to the Report and Recommendation.

## Standard of Review

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges.  *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).  For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1).  After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations.  28 U.S.C. § 636(b)(1).  The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed.  *See id.* at 151.

## Analysis

As previously mentioned, Plaintiff has failed to file any objections to the Report and Recommendation.  The Court is not required to review any portion of the Report to which no objection is made.  *See Thomas*, 474 U.S. at 150.  However, after reviewing the Report's findings

2

and Plaintiff's Complaint, the Court finds that the Magistrate Judge correctly determined that Plaintiff failed to state a claim for relief. Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation.

## Conclusion

For the reasons above, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety. This matter will be **DISMISSED WITH PREJUDICE**. Further, the Court **CERTIFIES** that an appeal in this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**, this 28th day of April, 2021.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE